UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM CODY,<br><br>                   Plaintiff,<br><br>       vs.<br><br>DOUG CLARK, individual and official capacity; DANIEL SULLIVAN, individual and official capacity; JENNIFER DREISKE, individual and official capacity; BRITTNEY LENGKEEK, individual and official capacity; SAM BADURE, individual and official capacity; JEFFREY ELTON, individual and official capacity; JENNIFER FENOLIO, individual and official capacity; TROY PONTO, individual and official capacity; TIM REISCH, individual and official capacity; DARIN YOUNG, individual and official capacity; JOHN BENTING, individual and official capacity; MIKE LEIDHOLT, individual and official capacity; NYLA SPRINKEL, individual and official capacity; MARY CARPENTER, individual and official capacity; KELLIE WASKO, individual and official capacity;  JOHN/JANE DOES #2(B), individual and official capacity;  JOHN/JANE DOES #3, individual and official capacity; and JOHN/JANE DOES #2(C), individual and official capacity;<br><br>                   Defendants. | 4:22-CV-04010-KES<br><br><br><br>ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER, DENYING PLAINTIFF'S REQUEST THAT FACTS BE DISTILLED, AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME |

Plaintiff, William Cody, an inmate at the South Dakota State

Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket

1. Defendants move for summary judgment and move for a protective order to

stay discovery pending resolution of their motion for summary judgment.
Dockets 33, 53. Cody opposes defendants' motion for a protective order and
seeks limited discovery that he claims is necessary to respond to defendants'
motion for summary judgment. Dockets 77, 78. Cody also objects to
defendants' statement of undisputed material facts and asks this court for a
60-day extension of time to respond to defendants' motion for summary
judgement. Dockets 71, 80.

## I.      Motion for Protective Order

Defendants move for a protective order to stay discovery pending
resolution of their motion for summary judgment. Docket 53. "Qualified
immunity is an immunity from suit, not simply from liability" and protects
officials from pretrial discovery. *Janis v. Biesheuvel*, 428 F.3d 795, 800 (8th
Cir. 2005) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "Unless the
plaintiff's allegations state a claim of violation of clearly established law, a
defendant pleading qualified immunity is entitled to dismissal before the
commencement of discovery." *Mitchell*, 472 U.S. at 526 (citing *Harlow v.
Fitzgerald*, 457 U.S. 800, 818 (1982)). But when an official capacity claim is
asserted for injunctive relief against a state officer, the defense of qualified
immunity does not apply. *See Pearson v. Callahan*, 555 U.S. 223, 242-43
(2009) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

Cody brings claims for both money damages and injunctive relief. *See*
Docket 1 at 43-48; Docket 8-1 at 14-15. In *Johnson v. Erickson*, the defendants
moved for a stay of discovery pending resolution of their motion for summary

2

judgment based in part on qualified immunity, and this court stayed discovery "related to the qualified immunity issue" but found that the plaintiff was "entitled to discovery on claims that [were] unrelated to the defense of qualified immunity[.]" 4:20-CV-04168-KES, 2021 WL 1925462, at *1, 2021 U.S. Dist. LEXIS 91548, at *3 (D.S.D. May 13, 2021). Here, defendants move for summary judgment on all of Cody's claims,[1] including his claims for injunctive relief. *See* Docket 34 at 115. Cody seeks money damages and injunctive relief for each claim that survived screening. *See* Docket 14 at 47-48; Docket 65 at 17. Thus, even if this court were to stay discovery on Cody's individual capacity claims for money damages, he would still be entitled to discovery on his injunctive relief claims. *See Pearson*, 555 U.S. at 242-43 (citing *Lewis*, 523 U.S. at 841 n.5). Further, defendants do not argue that Cody fails to state a claim for violation of clearly established law, only that Cody's rights were not violated. Docket 34 at 58, 115. Under *Mitchell*, dismissal before the commencement of discovery is proper when a plaintiff fails to state a claim of violation of clearly

---

[1] This court screened and dismissed Cody's claim that defendants Sam Badure, Chad Rotert, and Dan Sullivan were deliberately indifferent to the sleep deprivation caused by the volume of other inmates' televisions in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Docket 14 at 43. Cody filed a motion for reconsideration, and this court granted that motion in part and directed service on Badure, Rotert, and Sullivan for this claim. Docket 65 at 17. Rotert has not yet been served in this lawsuit, and defendants filed their motion for summary judgment prior to this court's reconsideration order. *See* Docket 34. Thus, defendants move for summary judgment on all claims other than Cody's Eighth Amendment claim for sleep deprivation against Badure, Rotert, and Sullivan. *See id.*

3

established law. 472 U.S. at 526 (citing *Harlow*, 457 U.S. at 818). Defendants'
motion for a protective order (Docket 53) is denied.

## II.   Cody's Objections to Defendants' Statement of Undisputed Material Facts

Cody objects to defendants' statement of undisputed material facts and
asks this court to require defendants to file a new statement of undisputed
material facts. Docket 71. He claims that the statement of undisputed material
facts contains paragraphs that are "too voluminous to be manageable, are
nonconforming to Local Rule 56.1(A), confusing, immaterial or irrelevant, not
properly referenced, redundant, argumentative or conclusory, and/or
inaccurate, including, overall, statements that obfuscate the concise and
specific material facts that are required by [FRCP] 56 and Local Rule 56.1(A)."
*Id.* at 1. He argues that many of the 385 numbered paragraphs in defendants'
statement of undisputed material facts contain multiple facts, quote or
paraphrase his complaint or the court's screening order, fail to cite to the
record, could be consolidated, or are redundant. *Id.* at 3-4. He argues that over
107 of the paragraphs are argumentative or conclusory, that five are irrelevant
and included only to "demean or ridicule" him, and that other paragraphs
misstate the record. *Id.* at 4-5. He also notes that defendants do not cite the
statement of undisputed material facts in their memorandum in support of
summary judgment. *Id.* at 6 (citing Docket 34).

Cody argues that defendants' statement of undisputed material facts
violates Local Rule 56.1(A)'s requirement that the statement of material facts be

a "short, concise, statement" and that "[e]ach material fact . . . must be presented in a separate numbered statement which [sic] an appropriate citation to the record in the case." *Id.* at 7 (quoting D.S.D. Civ. LR 56.1(A)). In *Sancom, Inc. v. Qwest Communications Corp.*, this court required a party to refile its statement of facts in opposition to summary judgment because "a large portion of [the party's] Statement of Facts violate[d] Local Rule 56.1's format and content requirements." 4:07-CV-04147-KES, 2010 WL 299477, at *2, 2010 U.S. Dist. LEXIS 4684, at *8-9 (D.S.D Jan. 21, 2010).

The court has reviewed defendants' statement of undisputed material facts and finds that it is not "replete with conclusory allegations and legal argument" as discussed in *Sancom. See* 2010 WL 299477, at *2, 2010 U.S. Dist. LEXIS 4684, at *7 (quoting *Northwest Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 725 (8th Cir. 2003)). To the extent that Cody objects to defendants' statement of undisputed material facts, he should include those objections within his response under Local Rule 56.1(B). Cody's request that this court order defendants' statement of undisputed material facts be distilled to manageable levels (Docket 71) is denied.

## III.  Cody's Motion for Extension of Time

Cody asks this court for a 60-day extension of time to respond to defendants' motion for summary judgment following rulings on his request that this court order facts be distilled to manageable levels and his motion to compel discovery. Docket 80. This court has now ruled on those motions. Good cause appearing, Cody's motion for an extension of time (Docket 80) is granted.

Cody must respond to defendants' motion for summary judgment by June 27, 2023.

Thus, it is ORDERED:

1.      That defendants' motion for protective order (Docket 53) is denied.

2.      That Cody's request that the court order facts be distilled to manageable levels (Docket 71) is denied.

3.      That Cody's motion for extension of time (Docket 80) is granted. Cody must respond to defendants' motion for summary judgment by June 27, 2023.

4.      That Cody's motion to compel limited discovery (Docket 77) is denied as moot.

Dated May 1, 2023.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE