UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM CODY,<br><br>               Plaintiff,<br><br>vs.<br><br>DOUG CLARK, individual and official capacity; DANIEL SULLIVAN, individual and official capacity; JENNIFER DREISKE, individual and official capacity; BRITTNEY LENGKEEK, individual and official capacity; SAM BADURE, individual and official capacity; JEFFREY ELTON, individual and official capacity; JENNIFER FENOLIO, individual and official capacity; TROY PONTO, individual and official capacity; TIM REISCH, individual and official capacity; DARIN YOUNG, individual and official capacity; JOHN BENTING, individual and official capacity; MIKE LEIDHOLT, individual and official capacity; NYLA SPRINKEL, individual and official capacity; MARY CARPENTER, individual and official capacity; KELLIE WASKO, individual and official capacity; JOHN/JANE DOES #2(B), individual and official capacity;  JOHN/JANE DOES #3, individual and official capacity; and JOHN/JANE DOES #2(C), individual and official capacity,<br><br>               Defendants. | **4:22-CV-04010-ECS**<br><br><br>**MEMORANDUM OPINION AND ORDER DISMISSING CASE UNDER RULE 25(a)(1)** |

Plaintiff, William Cody, an inmate at the South Dakota State Penitentiary (SDSP), filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Cody passed away on March 22, 2024. Doc. 151-1. Pursuant to Federal Rule of Civil Procedure 25(a), Defendants filed a notice of death on April 8, 2024, but the notice does not identify any representative or successor who may substituted as plaintiff. Doc. 151. Defendants were unable to identify and serve a notice of death

on Cody's next of kin because Cody's institutional file at the SDSP does not designate a next-of-kin or contain any information to permit prison officials to identify a next of kin. Doc. 151 at 3; Doc. 152 ¶¶ 6–8. This Court ordered Defendants to serve a notice of death by publication, in accordance with SDCL § 15-9-15, on any family members or next of kin that may exist in Tripp County, South Dakota.[1] Doc. 156 at 4. At the time of his death, Cody was serving a sentence arising from a criminal conviction in Tripp County. Id. at 3. Defendants have complied with the Court's order directing service by publication. Doc. 157; Doc. 157-1; Doc. 157-2.

## DISCUSSION

Federal Rule of Civil Procedure 25(a) sets out the procedure to substitute a proper party when a plaintiff dies and the claim is not extinguished:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service a statement noting the death, the action by . . . the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Here, no motion for substitution has been filed and more than 90 days have transpired since service of the notice of death by publication. Thus, this action must be dismissed. Pierce ex rel. Dodd v. Pemiscot Mem. Health Sys., 657 F. App'x 613, 615 (8th Cir. 2016) (per curiam).

Accordingly, for all these reasons, it is

ORDERED that Plaintiff William Cody's pending claims are dismissed without prejudice pursuant to Fed. R. Civ. P. 25(a)(1). It is further

---

[1] Because Cody had married while he was incarcerated, the Court also ordered Defendants to serve notice of death by publication in the county in which Cody's wife resides. Doc. 156 at 3–4. But Defendants have demonstrated that Cody and his wife divorced years before Cody's death. Doc. 157-3; Doc. 157-4. Thus, it is not necessary for Defendants to comply with this portion of the Court's order.

ORDERED that Defendants' motion for summary judgment, Doc. 33, and Cody's cross-motion for summary judgment, Doc. 131, are denied without prejudice.  It is finally

ORDERED that Cody's motion to appoint counsel, Doc. 116, and motion to substitute parties, Doc. 128, are denied as moot.

DATED March 3/, 2025.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE